**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

BRADLEY NEIS,

     Defendant - Appellant.

No. 21-3026
(D.C. No. 2:18-CR-20091-JAR-7)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **EID**, and **CARSON**, Circuit Judges.
_____

    After entering into a plea agreement that included a waiver of his right to appeal, defendant Bradley Neis pleaded guilty to

- conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846; and

- possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court sentenced him to thirty months' imprisonment on the first count and a consecutive sixty months on the second count, for a total of ninety months. Both sentences were within the applicable Sentencing Guidelines ranges.

Neis appealed, despite his appeal waiver. The government has moved to enforce that waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). *Hahn* sets forth three factors to evaluate an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

In response to the government's motion, Neis, through counsel, states that "he does not object to the dismissal of this appeal pursuant to [*Hahn*]." Resp. to Mot. for Enforcement of Appeal Waiver at 1 (Mar. 18, 2021).

We need not address a *Hahn* factor that the defendant does not dispute. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). In light of Neis's non-opposition, we grant the government's motion to enforce and dismiss this appeal.

Entered for the Court
Per Curiam
